# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | No. 75023-2-I |
| v. | ) | UNPUBLISHED OPINION |
| DANIELLE ERICA WENTLAND, | ) | |
| Appellant. | ) | FILED: July 31, 2017 |

DWYER, J. — Danielle Wentland signed an agreement to enter into an adult drug treatment court program (ADTC) rather than contest the possession of a controlled substance charge pending against her. She entered the program but did not succeed. She was terminated from the program. Thereafter, pursuant to the ADTC agreement, Wentland was convicted at a bench trial on stipulated evidence. On appeal, Wentland contends that because she was intoxicated at the time she entered into the agreement, she did not knowingly, voluntarily, and intelligently waive the several rights that she forfeited pursuant to the terms of the agreement. Finding that Wentland's contentions have no merit, we affirm.

For the first time on appeal, Wentland contends that the trial court erred by accepting the signed ADTC program agreement. This is so, she asserts,

because her contemporaneous intoxication made her unable to voluntarily, intelligently, and knowingly waive her rights.

We generally do not entertain claims of error that parties did not raise before the trial court. State v. Bertrand, 165 Wn. App. 393, 400, 267 P.3d 511 (2011) (citing State v. Scott, 110 Wn.2d 682, 685, 757 P.2d 492 (1988)).

Here, Wentland did not bring this issue to the attention of the trial court, despite repeated opportunities to do so at the ADTC program acceptance hearing and the subsequent regularly scheduled weekly meetings. In this way, Wentland did not preserve this claim of error for appeal.

However, we may entertain the issue if it concerns a manifest error affecting a constitutional right. State v. Gordon, 172 Wn.2d 671, 676, 260 P.3d 884 (2011). "The defendant must identify a constitutional error and show how the alleged error actually affected the defendant's rights at trial. It is this showing of actual prejudice that makes the error 'manifest,' allowing appellate review." State v. Kirkman, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007).

We review evidence from the record to determine whether intoxication manifested. State v. Walters, 162 Wn. App. 74, 82, 255 P.3d 835 (2011); State v. DeClue, 157 Wn. App. 787, 795, 239 P.3d 377 (2010); State v. Harris, 122 Wn. App. 547, 552, 90 P.3d 1133 (2004). We consider the totality of the circumstances in determining whether a person knowingly, voluntarily, and intelligently waived a constitutional right. State v. Gardner, 28 Wn. App. 721, 723, 626 P.2d 56 (1981) (citing State v. Cuzzetto, 76 Wn.2d 378, 457 P.2d 204 (1969)).

Wentland contends that, because she stated that she used a drug on the day that she signed the ADTC program agreement, she was intoxicated as a matter of law.

The record does not support Wentland's contention. Wentland's statement that she used a drug does not demonstrate that she was intoxicated or that her mental faculties were impaired at the time of the ADTC program agreement hearing. Nor does she point to any authority that establishes that a single statement concerning drug use proves a defendant's intoxication as a matter of law. Wentland thus fails to demonstrate that her claim of error concerns a "manifest" error.

Affirmed.

We concur.